UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

<u>CORTNEY D. KELLEY</u>
and <u>MICHAEL DATES</u>,

      Plaintiffs,

v.                                                                3:09-cv-412

<u>BRUSHY MOUNTAIN CORRECTIONAL</u>
<u>COMPLEX</u> and <u>DEAN HALL</u>,

      Defendants.

## **MEMORANDUM**

This *pro se* prisoners' civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Middle District of Tennessee, Nashville Division, and transferred to this court without service of process. For the reasons stated below, service of process shall not issue and this action will be **DISMISSED**.

Plaintiffs are in the custody of the Tennessee Department of Correction. They brought this action while both were confined in the Brushy Mountain Correctional Complex and alleged discrimination based upon race. The defendants are the prison itself and Sgt. Dean Hall.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). For purposes of § 1983, "person" includes individuals and "bodies politic and corporate." *Monell v. Department of Social Services of City of New York.*, 436 U.S. 658, 690 & n. 55 (1978); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.1997). Accordingly, the Brushy Mountain Correctional Complex is not a suable entity under § 1983.

Although plaintiffs have named Sgt. Dean Hall as a defendant, they have made no factual allegations against Sgt. Hall, other than to state generally that he was involved in discrimination. Conclusory allegations, without more, fail to state a claim for which relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985).

In addition, pursuant to the Prison Litigation Reform Act, this court does not have discretion to allow plaintiffs to amend their complaint to state a claim against the proper defendants and thus avoid dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1 (6th Cir. Nov. 4, 1999) ("The PLRA requires district courts to screen cases at the moment of filing. The court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted).

This action is **DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                       s/ Thomas W. Phillips
                                                     United States District Judge

3

Case 3:09-cv-00412-TWP-CCS   Document 10   Filed 10/02/09   Page 3 of 3   PageID #: 33